IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LYDIA Y. BAGLEY, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 06-103C<br>(Judge Bush) |

**JOINT STATUS REPORT**

Pursuant to the Order issued by the Court on June 9, 2008, plaintiffs and defendant respectfully submit the following joint status report:

The parties have settled almost all of the claims in this case other than for time spent driving a Government vehicle between home and work, and will continue to seek to settle the remainder of the non-driving claims.

On April 11, 2008, defendant filed a Motion for Summary Judgment Regarding Remaining "Driving Time" Claims in Adams v. United States and consolidated cases, Case No. 90-162C. On May 12, 2008, plaintiffs in Adams filed a response to defendant's motion, as well as a motion pursuant to RCFC 56(f) for a continuance to permit them to take discovery. By Order of May 19, 2008, the Court suspended briefing on the Government's summary judgment motion pending disposition of the plaintiffs' motion for a continuance. The Government responded to the motion for a continuance on May 23, 2008.

On July 31, 2008, plaintiffs filed a motion to compel production of documents in the Adams case. The Government responded to the motion to compel on August 18, 2008. Plaintiffs' reply is due on September 2, 2008.

Plaintiffs believe that the disposition of the remaining issues in Adams regarding home/work driving of the GS-13 criminal investigators and other plaintiffs involved may serve to dispose of the remaining driving issues in the instant case. Plaintiffs are also of the view that an intervening change of controlling legal authority has resulted from the Supreme Court's decisions in Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), which will result in a ruling in favor of the plaintiffs in Adams on the home/work driving issue. See Intergraph Corporation v. Intel Corporation, 253 F.3d 695, 697-8 (Fed. Cir. 2001).

Accordingly, plaintiffs believe that the instant case should be stayed pending the disposition of the home/work driving issue in Adams.

Defendant believes that there is no reason to await the disposition of the remaining issues in Adams regarding home/work driving, because the previous disposition of the home/work driving issue in that case already provides a basis for disposing of the driving claim in this case. See Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006), cert. denied, 128 S.Ct. 866 (2008). Adjudication of the remaining issues in Adams regarding home/work driving are no more likely to serve to dispose of the remaining driving issues in the instant case than the adjudications that have already occurred in Adams. Defendant also disagrees with plaintiffs' assertion that there has been "an intervening change of controlling legal authority," and notes that one of the two Supreme Court cases cited – IBP, Inc. – was expressly cited and discussed by the Federal Circuit in its opinion in Adams. 471 F.3d at 1325.

Accordingly, defendant believes that the instant case should not be stayed pending the disposition of the remaining home/work driving issues in Adams, unless plaintiffs stipulate that the latter disposition will control the disposition of this case. Absent such a stipulation, defendant

believes that the home/work driving claims in this case should be resolved through dispositive motions. During June and July of 2008, defendant filed dispositive motions in numerous other cases in which, as a result of partial settlement agreements, the plaintiffs' driving claims were the only substantive claims remaining to be adjudicated. As stated in the parties' May 29, 2008 joint status report, defendant had intended to file such a motion in this case on or before July 18, 2008. Defendant did not file such a motion, however, because Government counsel realized that in this case, one of the plaintiffs occupied a position that was not the subject of any settlement agreement. Government counsel deferred the filing of a dispositive motion in this case in order to determine whether the circumstances of that plaintiff warranted proceeding differently. Government counsel has concluded that they do not. Accordingly, defendant proposes to file its dispositive motion in the near future.

Respectfully submitted,

s/ Jules Bernstein
JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes by Reginald T. Blades, Jr.
TODD M. HUGHES
Deputy Director

s/ Edgar N. James
EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: August 29, 2008

s/ Shalom Brilliant by Michael J. Dierberg
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8275
Fax: (202) 305-7643

Attorneys for Defendant

Dated: August 29, 2008